## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>ETHAN WILLIAM TOMPKINS,<br>XXX-XX-5827<br><br>　　　　Debtors. | Case No. 19-20861 JGR<br><br>Chapter 7 |
| HAJOCA CORPORATION d/b/a Dahl<br>DENVER, a Maine corporation<br><br>　　　　Plaintiff<br><br>v.<br><br>ETHAN W. TOMPKINS, an individual<br><br>　　　　Defendants. | Adv. Pro. No. 20-_____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, Hajoca Corporation d/b/a Dahl Denver ("Hajoca"), by and through its attorneys, Jackson Kelly PLLC, sets forth the following Complaint against Ethan W. Tompkins ("Tompkins"):

### PARTIES, JURISDICTION, AND VENUE

1. Hajoca is a Maine corporation with its principal place of business located at 2001 Joshua Road, Lafayette, Pennsylvania, 19444. Hajoca is authorized to do business in the State of Colorado.

2. Tompkins is an individual who, upon information and belief, resides at 7250 W. Vassar Ave., Lakewood, CO 80227. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(b)(2).

4834-5606-7000.v1

3.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (I) & (O). Pursuant to Fed. R. Bankr. P. 7008 and Hajoca consents to entry of final orders or judgment by the Bankruptcy Court.

4.     Venue of this action is proper in this District pursuant to 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

5.     On January 15, 2008, Tompkins and Spectrum Plumbing, Inc. ("Spectrum"), entered into an Application for Commercial Credit ("Agreement") with Hajoca.  A copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

6.     Tompkins executed a Personal Guarantee as part of the Agreement in which he personally guaranteed payment to Hajoca for any debt incurred by Spectrum (the "Guarantee"). See Exhibit A.

7.     Spectrum purchased certain plumbing supplies and materials from Hajoca, which supplies and materials were delivered to the Tompkins and Spectrum and incorporated into various construction projects.

8.     Pursuant to the terms of the Agreement, if Hajoca delivered items on credit at the request of Defendants, Spectrum and Tompkins agreed to pay for said items by the 25th of the month following the month in which the material was delivered.

9.     Spectrum and Tompkins further agreed to pay a service charge of 1% per month plus interest on all sums not paid within thirty (30) days from the invoice date.

10.     In addition, Spectrum and Tompkins agreed to pay reasonable attorney's or collection fees and court costs if Hajoca commences litigation or employs attorneys in order to secure payment.

2

11.     Despite demand, Spectrum and Tompkins failed to make payment in full for the plumbing materials.

12.     Upon information and belief, Spectrum received full payment from general contractors and owners of the real properties where the plumbing materials were used.

13.     At all relevant times hereto, Tompkins was the sole owner of Spectrum and, as a natural person in control of the finances and financial decisions of Spectrum, was in a position to authorize, and did authorize the use of funds to be held in trust for Hajoca for general obligations of Spectrum or for other purposes.

***State Court Proceedings***

14.     On April 26, 2019, Hajoca filed in state court styled *Hajoca Corporation d/b/a Dahl Denver, a Maine* corporation *v. Spectrum Plumbing, Inc., a Colorado corporation; Ethan W. Tompkins, an individual*, in the District Court for the City and County of Denver, Case No. 19 CV 31615 (the "State Court Action").  Hajoca asserted six claims for relief in the State Court Action:  (1) breach of contract against Spectrum, (2) breach of guarantee against Tompkins, (3) promissory estoppel against all Defendants, (4) unjust enrichment against Spectrum, (5) violation of C.R.S. § 38-22-127 against all Defendants; and (6) on account against Spectrum.  A copy of the Complaint is attached hereto as **Exhibit B** and is incorporated herein by reference.

15.     On May 21, 2019, for himself and for Spectrum, filed a motion to extend time to respond to the Complaint.  The state court granted the extension on May 22, 2019.

16.     On June 13, 2019, Tompkins filed his Answer to the Complaint.  Spectrum was not included in Tompkins' Answer.  A copy of Tompkins' Answer is attached hereto as **Exhibit C** and is incorporated herein by reference.

17.     On June 24, 2019, Hajoca filed its Motion for Default Judgment Against Spectrum Plumbing, Inc.  This motion was granted on October 9, 2019.

18.     On October 17, 2019, Hajoca filed its Motion for Summary Judgment Against Ethan W. Tompkins, seeking judgment on its second and fourth claims for relief against Tompkins (the "Summary Judgment Motion").  A copy of the Summary Judgment Motion, without exhibits, is attached hereto as **Exhibit D** and is incorporated herein by reference.

19.     Hajoca sought summary judgement because the following facts are undisputed:

a.     On January 15, 2008, Defendants entered into an Application for Commercial Credit ("Agreement") with Hajoca.  Complaint, ¶ 6; Answer, ¶ 3.

b.     Tompkins executed a Personal Guarantee as part of the Agreement in which he personally guaranteed payment to Hajoca for any debt incurred by Spectrum. Complaint, ¶ 6; Answer, ¶ 3.

c.     Spectrum purchased certain plumbing supplies and materials from Hajoca, which supplies and materials were delivered to Defendants and incorporated into various construction projects.  Complaint, ¶ 6; Answer, ¶ 3.

d.     Despite demand, Spectrum and Tompkins failed to make payment in full for the plumbing materials.  Complaint, ¶ 12; Answer, ¶ 7.

e.     Hajoca agreed to sell, and in exchange, Spectrum agreed to pay for, certain plumbing materials and Hajoca delivered the plumbing supplies and materials in question.  Complaint, ¶ 15; Answer, ¶ 10.

f.     Spectrum failed to pay for said plumbing materials as agreed.  Complaint, ¶ 16; Answer, ¶ 10.

4

g.    Spectrum has not paid the amount due and owing as of the date of this Complaint and therefore, breached the Agreement with Hajoca.  Complaint, ¶¶ 18 and 19; Answer, ¶ 12.

h.    Hajoca fully performed its Agreement with Spectrum and met and complied with all conditions precedent under the Agreement.  Complaint, ¶¶ 20 and 21; Answer, ¶ 12.

i.    Tompkins failed to make payment of the amounts owed by Spectrum to Hajoca under the Agreement.  Complaint, ¶ 26; Answer, 15.

j.    Tompkins' refusal to pay amounts due is a breach of his guarantee. Complaint, ¶ 27; Answer, 15.

k.    Spectrum and Tompkins promised that they would pay Hajoca for the plumbing materials supplied by Hajoca.  Complaint, ¶ 30; Answer, 18.

l.    Hajoca supplied plumbing materials to the projects in reasonable reliance on the promises made by Spectrum and Ethan Tompkins.  Complaint, ¶ 32; Answer, 20.

m.    Spectrum and Ethan Tompkins broke their promises to Hajoca by failing to pay for the plumbing materials provided by Hajoca.  Complaint, ¶ 33; Answer, 20.

20.    Tompkins filed bankruptcy before the state court ruled on the Summary Judgment Motion.

***The Construction Projects***

21.    The projects that Spectrum purchased plumbing supplies from Hajoca and for which Tompkins and Spectrum failed to for were the following:

a.    Lennar Flatiron Meadows,

5

      b.      Lennar Provenance,

      c.      Meritage Stonegate,

      d.      LGI Homes Prairie Star,

      e.      LGI Westview, and

      f.      LGI Bella Vista.

22.     On August 6, 2019, in the State Court Action, Meritage Homes of Colorado, Inc. ("Meritage"), filed a motion to intervene seeking to file a complaint against the Tompkins and Spectrum.  On August 22, 2019, the state court allowed Meritage to intervene.

23.     On October 17, 2019, Meritage filed a motion for default judgment against Tompkins and Spectrum.  Tompkins filed bankruptcy before the state court ruled on Meritage's motion.

24.     Upon information and belief, Lennar made all payments to Spectrum in the amount of $194,448.35 that was due to be paid to Hajoca.  Neither Spectrum or Tompkins paid Hajoca from these funds.  Lennar paid Hajoca $85,000.00 leaving a balance due of $109,448.35.

25.     Upon information and belief, Meritage made all payments to Spectrum totaling $38,826.48 that Spectrum owed Hajoca.  Neither Spectrum or Tompkins paid Hajoca from these funds.  Meritage paid Hajoca $29,765.59 leaving a balance due of $9,060.89.

26.     Upon information and belief, LGI Homes made all payments to Spectrum totaling $68,322.75 that Spectrum owed Hajoca.  Neither Spectrum or Tompkins paid Hajoca from these funds.  LGI paid Hajoca $40,000.00 leaving a balance due of $28,322.75.

## FIRST CLAIM FOR RELIEF
### (Determination of Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(4))

27.     Hajoca incorporates the preceding paragraphs as though fully set forth herein.

28.     C.R.S. § 38-22-127(1) requires Spectrum to hold in trust for the payment of subcontractors all funds disbursed to Spectrum for construction services and supplies.

29.     C.R.S. § 38-22-127(5) further provides that a violation of C.R.S. § 38-22-127(1) constitutes theft under C.R.S. § 18-4-401.

30.     Upon information and belief, Spectrum received funds from the owners, general contractors or disbursers on the various projects.  However, Spectrum improperly failed to hold those funds in trust for the payment of Hajoca, a subcontractor.

31.     Upon information and belief, Tompkins, as a natural person in control of the finances and financial decisions of Spectrum, was in a position to authorize, and did authorize the use of funds to be held in trust for Hajoca for general obligations of Spectrum or for other purposes.

32.     Tompkins, as an officer and/or primary shareholder of Spectrum, owed fiduciary duties to Hajoca with respect to those payments he received in trust.

33.     Tompkins breached his fiduciary duties by unlawfully taking, converting, and otherwise diverting the payments away from Hajoca.

34.     Therefore, the debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

35.     Tompkins is personally liable for the amounts due and owing to Hajoca.

WHEREFORE, Hajoca requests that this Court enter judgment on its behalf against Tompkins, (i) on the First Claim for Relief, an order denying Tompkins his discharge pursuant to 11 U.S.C. § 523(a)(4) in an amount to be proven at trial, (ii) for its pre- and post-judgment interest, plus attorney fees and costs incurred in pursuing this action and enforcing the judgment, and (iii) for such other relief as this Court deems just.

4834-5606-7000.v1

Dated March 24, 2020.

JACKSON KELLY PLLC

*s/ Steven T. Mulligan*
Steven T. Mulligan, #19901
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone: (303) 390-0003
Facsimile: (303) 390-0177
smulligan@jacksonkelly.com
*Attorneys for Plaintiff*

8